UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHAWN HAYNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. CONTREAS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00536-JLT-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

　　　　Rayshawn Haynes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment excessive force claims against Defendants Cleveland, Luna, Cloud, Orozco, Chan, and Contreras[1] and his Fourteenth Amendment claim against defendant Rodriguez for unwanted medical treatment.[2] (ECF Nos. 1, 8, 12, & 18).

---

[1] Plaintiff's complaint identifies this defendant as "F. Contreas." (ECF No. 1). Defendants' answer indicates the correct spelling is "F. Contreras." (ECF No. 21). Accordingly, the Court will utilize the correct spelling.

[2] Defendants' statement indicates that they construe Plaintiff's complaint as "assert[ing] that Defendants retaliated against him" and that Defendants "anticipate asserting that Plaintiff did not exhaust administrative remedies as required by the Prison Litigation Reform Act related to his First Amendment claim against the Defendants." (ECF No. 23, p. 1-2). The Court notes that this case is not proceeding on a First Amendment claim. (ECF No. 18, p. 2) (". All claims and defendants are DISMISSED, except for Plaintiff's Eighth Amendment excessive force claims against defendants Cleveland, Luna, Cloud, Orozco, Chan, and [Contreras] and his Fourteenth Amendment claim against defendant Rodriguez for unwanted medical treatment.").

1

On March 3, 2023, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 22). The parties have now filed their statements. (ECF Nos. 23 & 27).

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[3] the Court will direct that certain documents that are central to the dispute be promptly produced.[4]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[5]

    a. 602(s) filed by Plaintiff related to the claim(s) proceeding in this case and response(s) from the appeals office.

    b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[6]

    c. All documents regarding the Rules Violation Report(s) associated with the incident(s) alleged in the complaint, including disciplinary charges and findings.

---

[3] *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[4] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[5] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[6] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The Court notes that Defendants only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

      d. Plaintiff's medical records related to the incident and/or condition at issue in the case.

      e. Plaintiff's central file records related to the incident and/or claims at issue in this case.

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: **August 16, 2023**           /s/ *Erica P. Grosjean*
                                           UNITED STATES MAGISTRATE JUDGE