UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHAWN HAYNES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>F. CONTREAS, *et al.*,<br><br>　　　　　Defendants. | 1:22-cv-00536-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY AND GRANTING IN PART MOTION FOR ADDITIONAL TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 36) |

Plaintiff Rayshawn Haynes is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment excessive force claims against defendants Cleveland, Luna, Cloud, Orozco, Chan, and Contreas and his Fourteenth Amendment claim against defendant Rodriguez for unwanted medical treatment. (ECF No. 8 at 13). After Defendants appeared in this case (ECF No. 21) and all parties submitted statements related to scheduling and discovery (ECF Nos. 23, 27), the Court issued Scheduling (ECF No. 30) and Discovery orders (ECF No. 29) on August 17, 2023. Defendants moved for summary judgment on May 20, 2024. (ECF No. 34).

On June 3, 2024, Plaintiff filed a motion asking the Court for an additional 120 days to "to engage in informal and possibly formal discovery with the defendants before filing his motion opposing defendants motion for summary judgment." (ECF No. 36 at 1). Plaintiff states he intends to "seek discovery of documents related to emergency medical response procedures, handcuffing of unconscious inmate/patient, training of custody staff regarding medical emergencies, use of 'spit mask' policy and procedure amongst other evidence that may be

uncovered during Admissions, Interrogatories and document request." (*Id.* at 2). Plaintiff states he "just recently been able to obtain assistance for a inmate skilled in law Cal. Code Reg 3164. Plaintiff's medical conditions i.e., seizures and impaired vison hinders his ability to function most of the time." (*Id.*)

Per Court's scheduling order (ECF No. 30), non-expert discovery opened on August 17, 2023 and closed on March 18, 2024. Therefore, Plaintiff's motion is a request to modify the Court's scheduling order. District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Fed. R. Civ. P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.*

Here, Plaintiff does not make any showing of diligence or good cause for modifying the order. He does not explain why this discovery could not have been conducted within the time period that the discovery was opened, or show that he submitted these requests but was unable to obtain answers. Plaintiff has not filed any motions to compel. While Plaintiff states he recently obtained assistance from an inmate, he does not explain any attempts to take discovery before obtaining assistance. Defendants' motion for summary judgment is now pending and Plaintiff's request to start discovery at this time would prejudice defendants and substantially delay resolution of the case.

Therefore, the Court will deny his motion to engage in further discovery.

\\\
\\\
\\\

However, out of abundance of caution, the Court will grant Plaintiff an additional 30 days, until **July 19, 2024** to respond to Defendants' Motion for Summary Judgment. (ECF No. 34).

IT IS SO ORDERED.

Dated:   **June 4, 2024**                                          /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE